IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RICHARDS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-06-2895 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Director of the Texas Department | § | |
|     of Criminal Justice - Correctional | § | |
|     Institutions Division, | § | |
|     Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner's application for writ of habeas corpus has been referred to this magistrate judge for report and recommendation (Dkt. 4). Respondent has filed a motion for summary judgment (Dkt. 11), and petitioner has filed a response and cross-motion (Dkt. 13). The court recommends that respondent's motion be granted, petitioner's motion be denied, and the petition be denied with prejudice.

**BACKGROUND**

On May 5, 1983, Richards pled guilty to aggravated sexual abuse and was sentenced to twenty years in prison. A procedural history of Richards's appeals and state habeas proceedings regarding his conviction is not necessary because Richards is challenging only the execution of his sentence.

Richards has been released to mandatory supervision and taken back into custody several times while serving his sentence on his 1983 conviction. He was last released to

mandatory supervision on August 27, 2002. At that time, the maximum expiration date of his sentence was April 13, 2008. A pre-revocation warrant for Richards's arrest was issued on June 30, 2004. The warrant was withdrawn on April 1, 2005, and Richards's mandatory supervision was not revoked. Richards was incarcerated on the pre-revocation warrant from June 30, 2004 until April 7, 2005, or 276 days by his calculations.

Richards filed a state habeas application challenging the calculation of his sentence on December 16, 2005. The Texas Court of Criminal Appeals denied that application without written order on May 24, 2006. Richards filed this federal petition for writ of habeas corpus on September 12, 2006.

Richards is currently on mandatory supervision with a maximum sentence expiration date of April 16, 2008. Richards argues that he is entitled to a reduction is his maximum expiration date by 276 days to reflect the period of his incarceration on the pre-revocation warrant.[1]

## ANALYSIS

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Respondent does not contend that Richards's petition is time-barred or that he has failed to exhaust his administrative remedies. Respondent contends that the petition fails to state a claim for federal habeas corpus relief.

---

[1] Richards has filed a motion for expedited consideration (Dkt. 16) because if he is granted the relief he seeks he will be entitled to be released on July 15, 2007. Because this decision is being issued in due course, the motion to expedite is denied as moot.

2

Richards is not entitled to federal habeas relief on his claims that were adjudicated on the merits in state court[2] unless the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision may be "contrary to" federal law as determined by the Supreme Court if the state court arrives at a conclusion opposite of the Supreme Court on a question of law, or if the state court "confronts a set of facts that are materially indistinguishable from a relevant Supreme Court precedent" and reaches an opposite conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision involves an "unreasonable application" of federal law if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Federal habeas relief is warranted only where the state court decision is both incorrect and objectively unreasonable. *Id.* at 410-11.

Richards primarily relies on *Ex Parte Canada*, 754 S.W.2d 660 (Tex. Crim. App. 1988) for the proposition that he has a constitutional right to credit for the time he spent in custody on the pre-revocation warrant. *Canada* does not support the relief Richards seeks. The *Canada* court observed "[i]t appears that there is no federal constitutional right to time

---

[2] A denial of habeas relief by the Texas Court of Criminal Appeals constitutes a ruling on the merits of the application. *In re Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

3

credit for any period of confinement pending a parole revocation hearing." 754 S.W.2d at 666. 754 S.W.2d at 666. *Canada* addresses whether the Texas statutory scheme governing credits for time spent in confinement prior to a parole revocation violated the Texas Constitution.

Moreover, Richards is not in the same situation as the petitioner in *Canada*. The record shows that Richards has been credited with calendar time for the days he spent in custody between June 30, 2004 and April 7, 2005 because his status during that period remained that of a releasee on mandatory supervision.[3] However, he will be given credit, consistent with the ruling in *Canada*, 754 S.W.2d at 668, for those days served if his mandatory supervision is subsequently revoked. This is significant because a prisoner does not have a state or federal right to credit for time served while on parole or mandatory supervision. *See Morrison v. Johnson,* 106 F.3d 127, 129 n. 1 (5th Cir.1997). To credit 276 days against his maximum sentence expiration date now, prior to revocation, would in effect give Richards double credit for that time by reducing his maximum sentence expiration date by more than simply the number of calendar days that have passed since he was released in August 2002.

---

[3]     The three day difference in his maximum expiration date since August 2002 is due to an adjustment to his sentence beginning date made by TDCJ on January 31, 2006. Richards does not challenge this adjustment.

Richards has not shown that the state court's denial of his habeas application was contrary to or an unreasonable application of federal law, or is based on an unreasonable determination of facts. He is not entitled to federal habeas relief.

## **CONCLUSION**

For the reasons explained above, the court recommends that respondent's motion for summary judgment (Dkt. 11) be granted, Richards's cross-motion (Dkt. 13) be denied, and Richards's petition be denied with prejudice.

The court further finds that Richards has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on May 15, 2007.

Stephen Wm Smith
United States Magistrate Judge